# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:05CR00030 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **JONATHON CRAIG SINGLETON**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States of America; Michael A. Bragg, Michael A. Bragg Law, PLC, Abingdon, Virginia, for Defendant.*

The defendant Jonathon Craig Singleton was convicted by a jury after a three-day trial of participating in a conspiracy to distribute or possess with intent to distribute 500 grams or more of methamphetamine, a controlled substance. *See* 21 U.S.C.A. §§ 841(a)(1), 841(b)(1)(A), 846 (West 1999 & Supp. 2005). He has filed a timely motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, to which the government has responded.[1]

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

Singleton seeks a new trial because of the introduction of evidence from an undercover law enforcement officer that Singleton and his wife and co-defendant, Debbie Marie Singleton, had attempted to purchase a large amount of methamphetamine in California. The defendant argues that since this transaction allegedly occurred approximately one month before the Singletons agreed to ship methamphetamine into Virginia, it was not relevant to that conspiracy and was unfairly prejudicial.

The undercover officer, Robert Lincoln, a narcotics detective with the Fresno, California, Police Department, testified that the defendant had told him that he and his wife "were getting back into" the methamphetamine trade and they wanted to buy the methamphetamine to take it "out of state," because they could turn a larger profit than selling it in California.

I will deny the motion. The evidence is question was relevant. The transaction with the undercover officer was within the time frame for the conspiracy charged in the indictment and the jury could reasonably find that this attempted purchase was connected to the conspiracy charged. The evidence was thus intrinsic to the crime charged, meaning that it showed acts that were "'inextricably intertwined or . . . part of a single criminal episode or  . . . were necessary preliminaries to the crime

charged.'" *United States v. Lipford*, 203 F.3d 259, 268 (4th Cir. 2000) (quoting *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996)).

This evidence, while certainly damaging to the defense, was not unfairly prejudicial. Unfairly prejudicial evidence within the meaning of Federal Rule of Evidence 403 exists "only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." *United States v. Masters*, 622 F.2d 83, 87 (4th Cir. 1980). That is not the situation here.

For these reasons, it is **ORDERED** that the Motion for New Trial is DENIED.

ENTER: March 20, 2006

/s/ JAMES P. JONES
Chief United States District Judge

- 3 -