# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) ) ) ) ) v. ) ) ) **JONATHAN CRAIG SINGLETON,** ) ) ) Defendant. ) | Case No. 1:05CR00030-2 **OPINION** By: James P. Jones United States District Judge |

*Jennifer R. Brockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Lance M. Hale, Lance M. Hale & Associates, Roanoke, Virginia, for Defendant.*

Jonathan Craig Singleton, a federal inmate, brought the present Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010). The case was referred to United States Magistrate Judge Michael F. Urbanski to conduct appropriate proceedings. *See* 28 U.S.C.A. § 636(b)(1)(B) (West 2006). After conducting a hearing, Magistrate Judge Urbanski filed a report recommending that Singleton's motion be denied. Singleton has filed timely objections to the portions of the report that rejected Singleton's claims that his trial attorney gave him ineffective advice and assistance regarding whether to plead guilty (Report §1(B)) and the penalties he could receive (*id.* § 1(C)).

I must make a de novo determination of those portions of the report to which the defendant objects. *See* 28 U.S.C.A. § 636(b)(1); Fed. R. Civ. P. 72 (b)(3). In providing for a de novo determination, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 682 (1980) (internal citations and quotations omitted).

Although Singleton's objections do not specifically challenge the magistrate judge's credibility determinations, the issues turn largely on the magistrate judge's decision to credit certain testimony over that offered by Singleton. Some courts have explicitly adopted a deferential standard of review for credibility determinations when the magistrate heard the live testimony and observed the demeanor of the witnesses. *See, e.g.*, *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) ("In [making a de novo determination], the district court need not re-hear testimony from the suppression hearing; its deference to the magistrate's credibility determinations is appropriate when they are supported by the record."); *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999) ("[A] district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the judge."); *Amlong & Amlong v. Denny's, Inc.*, 500 F.3d 1230, 1250 (11th Cir. 2006) ("Rejecting credibility findings made by a

magistrate judge without holding a new hearing is permissible only when there is an 'articulable basis for rejecting the magistrate's original resolution of credibility.'" (citation omitted)). Although the district court may give a magistrate judge's proposed findings and recommendations "such weight as [their] merit commands and the sound discretion of the judge warrants," the authority and the responsibility to make an informed final determination remains with the district judge. *Raddatz*, 447 U.S. at 682-83 (internal quotation marks and citation omitted). Therefore, in performing a de novo review, the district judge must exercise "his non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendations." *Wimmer v. Cook*, 774 F.2d 68, 76 (4th Cir. 1985).

I have made a de novo review of the transcript of testimony and the record of evidence presented before the magistrate judge. Having conducted a careful consideration of Singleton's objections, I conclude that the evidence presented fully supports the magistrate judge's factual findings and legal conclusions. Accordingly, I will accept the magistrate judge's findings and recommendations. An appropriate judgment will be entered.

DATED: November 12, 2010

/s/ JAMES P. JONES
United States District Judge